```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

JOSE A. ALMEIDA,                  )
     Plaintiff,                   )
                                  )
          v.                      )
                                  )
                                  )  CIVIL ACTION NO. 12-11476-PBS
                                  )
FALL RIVER POLICE STATION,        )
ET AL.,                           )
     Defendants.                  )
```

MEMORANDUM AND ORDER

September 18, 2012

SARIS, U.S. D.J.

## I.  Introduction

On July 30, 2012 , plaintiff Jose A. Almeida ("Almeida"), an inmate at the Bristol County House of Corrections in North Dartmouth, Massachusetts, filed a self-prepared Complaint alleging that the defendants used perjured testimony against him, and that he was maliciously prosecuted for armed robbery.

On August 13, 2012, this Court issued a Memorandum and Order (Docket No. 6) granting Almeida's Motion for Leave to Proceed *in forma pauperis*, denying his petition for writ of habeas corpus ad testificandum, and denying his Motion for Appointment of Counsel. Additionally, this Court directed Almeida to demonstrate good cause why this action should not be dismissed for the reasons set forth in the Memorandum and Order.  The legal impediments included: the failure of Almeida to plead his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, the lack of a cognizable claim against the Fall River Police

Station (a non-suable entity), the immunity of the police officer and individual defendants from suits for damages based on alleged perjured testimony before the grand jury, the lack of state action of a private defendant, the lack of *respondeat superior* liability in civil rights actions, the sovereign immunity of the District Attorney's Office, and the absolute prosecutorial immunity of the Assistant District Attorney.

On September 8, 2012, Almeida filed a second Motion for Appointment of Counsel (Docket No. 8). In that motion, Almeida claims, *inter alia*, that he is unskilled in the law and does not know what he is doing, although he asserts he knows he has been wronged by the defendants. He further asserts that all of his factual evidence is in the state criminal case.

## II. Discussion

As this Court noted in the prior Memorandum and Order, in order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The matter of appointment is discretionary, and the Court's evaluation of the propriety of appointment should take into account the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.

Id. at 24.

As I also indicated in the prior Memorandum and Order, the merits of Almeida's legal claims are dubious. Notwithstanding that he lacks sufficient funds to retain his own counsel, and notwithstanding that he is a prisoner and unskilled in the law, (a situation not unique to prisoner plaintiffs), this Court finds that nothing has changed since the initial denial of Almeida's Motion for Appointment of Counsel. Indeed, upon review of the record, this Court continues to doubt that Almeida's claims have legal merit. In light of this, it would be a waste of the scarce pro bono resources of the Court to appoint pro bono counsel for him.

Accordingly, Almeida's second Motion for Appointment of Counsel (Docket No. 8) is DENIED. Should Almeida wish to proceed with this action, he must prosecute this action pro se. Additionally, he must demonstrate good cause why this action should not be dismissed within 28 days of the date of this Memorandum and Order. In demonstrating good cause, Almeida should not reiterate the claims in his original Complaint, but should address specifically the legal impediments to his claims as outlined in the Memorandum and Order (Docket No. 6), and include legal authority in support.

Failure to comply with this directive will result in a dismissal of this action.

### III.  Conclusion

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's second Motion for Appointment of Counsel (Docket No. 8) is <u>DENIED</u>; and

2. This action shall be dismissed within 28 days of the date of this Memorandum and Order unless plaintiff demonstrates good cause in writing, including legal authority, why his claims should not be dismissed for the reasons stated herein.

SO ORDERED.

                                            <u>/s/ Patti B. Saris</u>
                                            PATTI B. SARIS
                                            UNITED STATES DISTRICT JUDGE