```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

JOSE A. ALMEIDA,                    )
     Plaintiff,                     )
                                    )
            v.                      )
                                    )
                                    ) CIVIL ACTION NO. 12-11476-PBS
                                    )
FALL RIVER POLICE STATION,          )
ET AL.,                             )
     Defendants.                    )
```

MEMORANDUM AND ORDER

October 25, 2012

SARIS, U.S. D.J.

## I. Introduction

On July 30, 2012 , plaintiff Jose A. Almeida ("Almeida"), then an inmate at the Bristol County House of Corrections and currently housed at the Barnstable County Correctional Facility in Bourne, Massachusetts, filed a self-prepared Complaint alleging that various defendants used perjured testimony against him and that he was maliciously prosecuted for armed robbery.

On August 13, 2012, this Court issued a Memorandum and Order (Docket No. 6) directing Almeida to demonstrate good cause why this action should not be dismissed because of legal impediments which included: (1) the failure of Almeida to plead his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure; (2) the lack of a cognizable claim against the Fall River Police Station (a non-suable entity); (3) the immunity of the police officer and individual defendants from suits for damages based on alleged perjured testimony before the grand jury; (4) the lack of

state action of a private defendant; (5) the lack of *respondeat superior* liability in civil rights actions; (6) the sovereign immunity of the District Attorney's Office; and (7) the absolute prosecutorial immunity of the Assistant District Attorney.

On September 8, 2012, Almeida filed a second Motion for Appointment of Counsel (Docket No. 8).  On September 18, 2012, this Court issued a Memorandum and Order (Docket No. 9) denying the request for counsel and directing Almeida to demonstrate good cause in writing why his claims should not be dismissed.

Thereafter, on October 15, 2012, Almeida filed a Response (Docket No. 10) in which he claims the Amended Complaint (Docket No. 11, filed October 18, 2012) cures the deficiencies in the original.  He also asserts (erroneously) that this Court has supplemental jurisdiction over his claims pursuant to the Federal Tort Claims Act ("FTCA").[1]  Additionally, in the Response,

---

[1] Almeida's suit concerns claims arising under 42 U.S.C. § 1983 for violations of constitutional rights by state actors, not federal actors.  None of the defendants named in the original complaint involve federal actors, and thus the FTCA is not applicable.  Presumably, Almeida meant to allege supplemental jurisdiction under the Massachusetts Tort Claims Act ("MTCA"); however, he fails to indicate whether he has made the administrative presentment requirements before bringing suit under this cause of action.  The MTCA permits recovery for liability against public employers, including the Commonwealth of Massachusetts, and serves as a waiver of sovereign immunity under certain circumstances.  Before filing suit, a party must first have presented the claim to the executive officer of the public employer and received a final decision on the claim.  Mass. Gen. Laws ch. 258, § 4.  The MTCA does not apply to suits against individual public employees, such as Police Officer Rose.  It applies only to claims against the public employer.  See Mass.

Almeida appears to have abandoned claims against all defendants but now asserts claims against defendant Police Officer John Rose ("Rose"). He alleges due process violations based on Rose's alleged suggestive identification and perjury in connection with Almeida's criminal prosecution. He claims his evidence was obtained from August 7, 2008 to April 7, 2010 (the period of his incarceration). He also alleges Rose is not entitled to qualified immunity.

In addition to asserting his claims in the body of the Response, Almeida's amended complaint (Docket No. 11), he lists only Rose as the defendant. He reasserts, *inter alia*, the deliberate indifference of Rose in making false claims concerning Almeida's criminal involvement, and challenges both the identification and photo array processes.[2]

## II. Discussion

I.  <u>Dismissal of Claims Against All Defendants Except Rose</u>

Although Almeida reiterates many of the allegations contained in the original complaint, it appears the amended complaint now only includes Rose as a defendant. In any event, the Court finds that Almeida has failed to show good cause why

---

Gen. Laws ch. 258, § 2.

[2]Almeida alleges that "[t]he identification of the defendant [Almeida] was a cross racial identification witch [sic] defendant states is by itself mostly unreliable and would trigger extra care by the police in securing an Identification (the defendant is not African American)." Am. Compl. at 6, ¶ 1.

his claims against the Bristol District Attorney's office, the Fall River Police Station, Zarrora, Inc., and Bristol County's Government Agency should not be dismissed.

Accordingly, it is hereby Ordered that all claims against these defendants are <u>DISMISSED</u>.[3]

II. <u>Claims Against Defendant Police Officer Rose</u>

As noted in this Court's prior Memorandum and Order, it was unclear whether Almeida intended to sue Rose as an individual. In light of the amended complaint, however, this Court will consider the only defendant in this action is Rose.

Next, Almeida's amended complaint does not comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; however, he sets forth the factual bases for his constitutional claims sufficient to survive a preliminary screening.  Thus, at this juncture the Court will permit this action to proceed as pled, with the operative pleading being the amended complaint (Docket No. 11).  This is without prejudice to the defendant filing a Motion for a More Definite Statement under Rule 12(e), or some other appropriate motion after service has been made.

Accordingly, the Clerk shall issue a summons as to defendant Rose, and the United States Marshal Service shall effect service,

---

[3]This ruling is not intended as a separate and final judgment generating appeal rights.

as directed below.

### III. Conclusion

Based on the foregoing, it is hereby ORDERED that:

1. All claims against defendants Bristol District Attorney's office, the Fall River Police Station, Zarrora, Inc., and Bristol County's Government Agency are <u>DISMISSED</u>;

2. The Clerk shall issue a summons with respect to defendant Police Officer John Rose; and

3. The Clerk shall send the summons, a copy of the amended complaint (Docket No. 11), and this Memorandum and Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal Service shall serve the summonses, Complaint, and this Memorandum and Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

<u>/s/ Patti B. Saris</u>
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE