UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JOSE A. ALMEIDA,                )
     Plaintiff,                 )
                                )
           v.                   )
                                )
                                )  CIVIL ACTION NO. 12-11476-PBS
                                )
FALL RIVER POLICE STATION,      )
ET AL.,                         )
     Defendants.                )
```

MEMORANDUM AND ORDER

January 22, 2013

SARIS, CHIEF, U.S.D.J.

## I.  Introduction

On July 30, 2012 , plaintiff Jose A. Almeida ("Almeida"), then an inmate at the Bristol County House of Correction and currently housed at the Worcester County Jail and House of Correction in West Boylston, Massachusetts, filed a civil rights complaint alleging, *inter alia*, that perjured testimony was used against him and that he was maliciously prosecuted for armed robbery.[1]

On August 13, 2012, this Court issued a Memorandum and Order (Docket No. 6) directing Almeida to demonstrate good cause why this action should not be dismissed because of legal impediments which included: (1) the failure of Almeida to plead his claims in

---

[1] The list of defendants was not clear.  Almeida named as defendants:(1) the Bristol District Attorney's office ("DA's Office"); (2) the Fall River Police Station; and (3) Zarrora Inc. He also listed the Bristol County's Government Agency as a separate governmental defendant.

accordance with Rule 8 of the Federal Rules of Civil Procedure; (2) the lack of a cognizable claim against the Fall River Police Station (a non-suable entity); (3) the immunity of the police officer and individual defendants from suits for damages based on alleged perjured testimony before the grand jury; (4) the lack of state action of a private defendant; (5) the lack of *respondeat superior* liability in civil rights actions; (6) the sovereign immunity of the District Attorney's Office; and (7) the absolute prosecutorial immunity of the Assistant District Attorney.  The Memorandum and Order stated that Almeida was not to reiterate his claims, but to address specifically the legal deficiencies noted in the opinion (*i.e.*, failure to comply with Rule 8, lack of state action, lack of *respondeat superior* liability under § 1983, sovereign immunity, witness immunity, and prosecutorial immunity).

Thereafter, on October 15, 2012, Almeida filed a Response (Docket No. 10) claiming his Amended Complaint (Docket No. 11, filed October 18, 2012) cured the deficiencies in his original. Upon review of that pleading, this Court deemed that Almeida had abandoned his claims against all defendants, but had asserted new claims against Police Officer John Rose ("Officer Rose") based on his alleged suggestive identification as well as his perjury in connection with Almeida's criminal prosecution.

Upon review of Almeida's Amended Complaint, on October 25,

2012, a further Memorandum and Order issued dismissing all of Almeida's claims against defendants Bristol District Attorney's office, the Fall River Police Station, Zarrora Inc., and Bristol County's Government Agency.  This Court, however, permitted the claims to proceed against Officer Rose and directed the issuance of a summons to be served by Almeida.

On January 2, 2013, Almeida filed a "Notice of Appeal and Appeal to the United States District Courts Judgement or Order" (Docket No. 17).  The Appeal has been assigned as USCA No. 13-1028 (1st Cir. 2013).  Almeida's arguments in support are based on the contention that this Court should not have dismissed his claims against all defendants except Officer Rose.  Apparently, Almeida understood that the Memorandum and Order (Docket No. 6) prohibited him from restating his original claims in his response.  Therefore, in the Amended Complaint, he did not assert any claims against the dismissed defendants, but believed that if he just used his claims against Officer Rose as an example for each defendant, that would suffice.  See Notice of Appeal (Docket No. 9 at ¶ 5).  He states in his Notice of Appeal that he had not abandoned his claims against the defendants.

Accompanying the Notice of Appeal, Almeida filed a document entitled "Plaintiff's Clearified [sic] Amended Complaint" (Docket

No. 18).[2]  He contends this pleading complies with Rule 8 of the Federal Rules of Civil Procedure and sets forth his claims against all defendants.  Almeida requests that this Court permit him to serve each of the defendants with the clarified amended complaint.  He now names 11 defendants: (1) Police Office John Rose; (2) Police Officer John Doe, a sergeant of the second shift; (3) Police Officer John Doe, a Lieutenant; (4) Police Officer John Doe, a Captain; (5) Police Officer John Doe, the head of internal affairs of the Fall River Police Department; (6) Joseph Zarrora, a business owner of Zarrora Inc.; (7) Afif Elbaba ("Elbaba"), an employee of Zarrora Inc.; (8) Assistant District Attorney Stephen Nadeau ("ADA Nadeau"), the prosecutor of his criminal case; (9) the City of Fall River/Fall River Police Department Chief John Doe employer/manager; (10) Zarrora Inc., Elbaba's employer; and (11) Bristol [County] District Attorney's Office head District Attorney Sammuel Sutter, as employer.

    Almeida's proposed clarified amended complaint is not entirely coherent or legible.[3]  From what can be gleaned, with one exception discussed below, Almeida reiterates the underlying

---

[2]No motion for leave to file the amended complaint was submitted.

[3]Almeida's handwriting is difficult to read, particularly where he has tightly squeezed each sentence on the page in order to use all available space.  Although the document contains numbered paragraphs, it is essentially one long narrative of events surrounding the robbery and criminal charges that form the basis of this action.

factual and legal allegations contained in his original complaint, albeit with some minor variations and further detailed description of the incident forming the basis of his claims. Those allegations are set forth in detail in the Memorandum and Order (Docket No. 6) and need not be reiterated entirely here. Briefly summarized, Almeida claims defendant Elbaba, an employee of Zarrora Inc., was robbed of $9,000.  He later made a 911 call to report the incident, describing the robber as an African-American wearing a T-shirt, a yellow sweatshirt, and a red hat. Officer Rose responded to the 911 call.  Almeida claims that Elbaba then provided a different description to Officer Rose than the one given during the 911 call.  En route to the Fall River police station, Officer Rose showed Elbaba a picture of a former employee, and told him that he was going to show him a picture of the robber.  At the police station, Elbaba was shown a black and white photograph of Almeida, and he then identified Almeida as the robber.  Thereafter, Almeida was arrested for armed robbery. After a second trial, he was found not guilty and was released from custody.

Almeida claims that Joseph Zarrora is responsible for the perjured testimony of Elbaba, who, at the time he talked to police, was feeling the effects of drug use, and denied ever making the 911 call.  He claims Officer Rose used improper investigation techniques to mislead Elbaba and testified falsely

before the grand jury.  Next, he claims that ADA Nadeau knew about the false information by Officer Rose and Elbaba, and he deliberately excluded information that would have impeached Officer Rose.

Count I of Almeida's clarified amended complaint alleges a Breach of the Duty to protect.  He contends the defendants are liable for violations of his constitutional rights by "conducting and showing legal wrongs to plaintiff's health and safety failing to protect him from malicious prosecution, negligence evil motive intent purjury [sic], unconstitutional conduct, reckless and callous deliberate indifference...."  Clarified Am. Compl. (Docket No. 18 at ¶ 65).  He further contends that as a result of these wrongdoings, he could not pay his bills on time, could not pay child support, and suffered mental health issues (he states has been diagnosed with schizophrenic disorder, post traumatic stress disorder, bipolarism, depression, and anxiety).

Count II alleges the Failure of a Remedy based on the failure to resolve.  Almeida asserts the City of Fall River/Fall River Police Department was deliberately indifferent to his rights based on the actions of its employees.  He asserts that they are liable because they are the policy makers and overseers of subordinates.  He asserts a similar allegation against the Bristol County District Attorney's Office.

Count III alleges Retaliatory Treatment for Filing Section

1983 claim. This is a <u>new</u> claim alleging that while in custody at the Bristol County House of Correction, he was put "in the hole" for mental health issues, and remained there until he was transferred to Barnstable County House of Correction. In a general fashion, he claims he was treated with neglect in retaliation for filing a § 1983 action. He also contends that he was denied access to the law library so that he was unable to respond to this Court's directives to show good cause why his claims should not be dismissed. Further, he claims that in his current location at the Worcester County House of Correction, there is no law library. He claims to have written grievances in this matter, but his mail has been tampered with.

He seeks compensatory damages of no less than $2,000,000.00.

**II. Discussion**

A. <u>Construction of the Notice of Appeal and Clarified Amended Complaint as a Motion for Reconsideration and a Motion for Leave to File the Clarified Amended Complaint</u>

In light of Almeida's request in the Notice of Appeal <u>for action by the District Court</u>, and in light of the purported clarified amended complaint, this Court is not certain that Almeida actually intended to appeal the decision to the United States Court of Appeals for the First Circuit ("First Circuit") (thereby obligating himself to payment of the $455.00 appellate filing fees pursuant to the Prison Litigation Reform Act). Rather, notwithstanding his characterization, it appears that

Almeida seeks relief from this Court from the Order dismissing claims against all defendants apart from Officer Rose. Under these circumstances, this Court will construe Almeida's Notice of Appeal and his Clarified Amended Complaint as both a Motion for Reconsideration and a Motion to File the Clarified Amended Complaint as the operative pleading in this action. The merits of these motions are addressed below.

B.   <u>The Motion for Reconsideration</u>

With respect to Almeida's Motion for Reconsideration, this Court finds that he has not demonstrated good cause for the relief requested (*i.e.*, for this Court to permit the claims to proceed and to issue summonses for service on the defendants). His proposed clarified amended complaint still suffers from the Rule 8 pleading deficiencies. He intermingles his claims of deliberate indifference and negligence, and fails to set forth the "who, what, where, when and why" type of information necessary to set forth plausible claims, particularly with respect to each of the John Doe defendants and Zarrora Inc.

More importantly, the legal impediments previously noted by this Court still exist, and he has not provided any legal basis for reconsideration of those issues. For instance, his claims against the City of Fall River/Fall River Police Department, Joseph Zarrora, Zarrora Inc. and the District Attorney's Office (or its Chief) are based on constitutional violations stemming

from the actions of its employees or subordinates. He sets forth no *bona fide* basis for direct liability, and thus his § 1983 claims are not plausible because there is no *respondeat superior* liability for any of these defendants. Moreover, this Court previously discussed that the Fall River Police Department is not a suable entity.

Next, Almeida simply ignores the doctrine of absolute prosecutorial immunity to which ADA Nadeau is entitled. He provides no legal basis for this Court to consider that the doctrine does not apply here.

Further, Almeida fails to address the legal impediment discussed by this Court in the Memorandum and Order regarding the immunity of Officer Rose and Elbaba based on their grand jury testimony.

This is Almeida's third attempt to set forth plausible claims (*i.e.*, in the original complaint, the amended complaint (Docket No. 11) and the clarified amended complaint (Docket No. 18)). Each time he has failed to do so. Even if this Court were to credit Almeida's misunderstanding of the directives not to reiterate the claims in the original complaint, his proposed clarified amended complaint does not sufficiently clarify the issues as Almeida suggests.

In the interests of judicial economy and for other jurisprudential reasons, this Court need not permit Almeida to

file amendments *ad seriatim*.  Accordingly, this Court will DENY the Motion for Reconsideration of the dismissal of claims against all defendants except for Officer Rose.

C.   The Motion for Leave to File the Clarified Amended Complaint

For all the reasons discussed above, this Court will DENY leave to file the clarified amended complaint (Docket No. 18), and will STRIKE the pleading.  Almeida's amended complaint (Docket No. 11) remains the operative pleading in this case.

D.   The New Claims of Retaliation and Lack of Law Library Access

With respect to Almeida's claims regarding the lack of law library access and the negligent treatment by prison staff at the Bristol County House of Correction, these are entirely new claims and not properly raised in the context of a Motion for Reconsideration.  Moreover, these claims also do not comport with the pleading requirements of Rule 8, in that Almeida fails to provide the "who, what, when, and how" information necessary to give the defendant(s) sufficient notice of the basis of the claims in order to file a meaningful response.[4]  Further, the

---

[4] Prisoners have a constitutional right to access to the courts.  This requires prison authorities to assist inmates in the filing of legal papers by providing adequate law libraries.  See Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817, 828(1977).  In order to establish a violation of the "right of access," a plaintiff must allege "actual injury."  See Lewis, 518 U.S. at 349.  Actual injury means that a prisoner must demonstrate that any alleged shortcomings in a prison legal library or assistance program hindered his efforts to pursue a legal claim involving direct or collateral attacks on sentences or challenges to conditions of confinement.  Id. at 349, 354-355.

Bristol County House of Correction is not liable for § 1983 violations based on a *respondeat superior* theory of liability, and, in any event, a prison is not a suable entity. See Lynch v. City Of Phila., 408 Fed. Appx. 527 (3d Pa. 2011)(a prison system is not a suable entity under § 1983); Stratton v. City of Boston, 731 F. Supp. 42, 26 (D. Mass. 1989).

As an additional matter, Almeida asserts that he was treated negligently. Under these circumstances, this Court would decline to exercise supplemental jurisdiction over a state law negligence claim. In short, given the posture of this case, permitting Almeida to amend his complaint to add additional defendants (who were not named as defendants in the "parties" section of the clarified amended complaint or in the caption) with respect to claims that are wholly unrelated to the claims stemming from the robbery and his criminal prosecution, is not warranted.

Should Almeida wish to pursue his claims based on retaliation and/or denial of access to the courts, he must file a separate civil action and satisfy the filing fee requirements of this Court (*i.e.*, pay the $350.00 filing fee or seek a waiver

---

Any impairment of any other litigating capacity is an "incidental (and perfectly constitutional) consequence[] of conviction and incarceration." Id. at 355. Examples of "actual injury" include an allegation that a complaint was dismissed for failure to satisfy a technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known, or an allegation that a prisoner was unable to bring an action to court due to the inadequacies in the law library. Id. at 351.

thereof by filing a Motion for Leave to Proceed *in forma pauperis* accompanied by his certified prison account statement for the six-month period preceding the filing of the complaint).[5]

E.  <u>Clarification of the Current Posture of this Case</u>

Since, as noted above, it is not entirely clear whether Almeida wished to pursue his appeal (USCA No. 13-1028) before the First Circuit, a copy of this Memorandum and Order shall be transmitted to the First Circuit for whatever action it deems appropriate.

This Court considers that, at this time, the only remaining claims are those asserted against Officer Rose, as discussed in the Memorandum and Order (Docket No. 14). Almeida still must

---

[5] Almeida is advised that section 1997e(a) of Title 42 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). While exhaustion of administrative remedies need not be pled in a complaint, and while this is an affirmative defense, it is noted that the failure of a prisoner to exhaust administrative remedies could result in a dismissal of the prisoner's civil action. In that event, a prisoner still would be obligated to pay the $350.00 filing fee. See <u>Purkey v. Green</u>, 28 Fed. Appx. 736, 746 (10th Cir. 2001)("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits.... Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 607 (6th Cir. 1997). "Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees."

effect service of process on Officer Rose before this case can proceed further.  The prior Order directing the United States Marshal Service to effect service if directed by Almeida to do so, and to advance the costs of service, remains in effect. Failure of Almeida to effect timely service may result in a dismissal of all claims.

Almeida is PROHIBITED from filing any further amended or clarified complaints in this action without leave of court and he may seek leave only after the defendant has filed a response to the amended complaint (Docket No. 11).

### III.  Conclusion

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Notice of Appeal (Docket No. 17) and his Clarified Amended Complaint (Docket No. 18) are CONSTRUED together as a Motion for Reconsideration of the dismissal of claims pursuant to the Memorandum and Order (Docket No. 14), and as a Motion for Leave to File a Clarified Amended Complaint;

2. Plaintiff's Motion for Reconsideration (Docket Nos. 17 and 18) is DENIED;

3. Plaintiff's Motion for Leave to File a Clarified Amended Complaint (Docket Nos. 17 and 18) is DENIED;

4. Plaintiff's Clarified Amended Complaint (Docket No. 18) is STRICKEN; and the operative pleading is the Amended Complaint (Docket No. 11);

5. Plaintiff may not assert additional claims of retaliation and/or the denial of access to the courts in this action; should he wish to pursue those claims, he must file a separate action and pay the $350.00 filing fee or seek a waiver thereof in accordance with 28 U.S.C. § 1915;

6. Plaintiff must serve Officer Rose in accordance with the

    Memorandum and Order (Docket No. 14); failing which, this action will be dismissed;

7. Plaintiff is <u>PROHIBITED</u> from filing any further amended or clarified complaints in this action without leave of court and he may seek leave only <u>after</u> the defendant has filed a response to the amended complaint (Docket No. 11); and

8. A Copy of this Memorandum and Order shall be <u>TRANSMITTED</u> to the First Circuit for whatever action regarding USCA No. 13-1028 it deems appropriate in light of this Court's construction of the Notice of Appeal and Clarified Amended Complaint as a Motion for Reconsideration of the dismissal of claims as set forth in the Memorandum and Order (Docket No. 14).

SO ORDERED.

                                            <u>/s/ Patti B. Saris</u>
                                            PATTI B. SARIS
                                            UNITED STATES DISTRICT JUDGE