UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE A. ALMEIDA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. 12-11476-PBS |
| FALL RIVER POLICE STATION, | ) | |
| ET AL., | ) | |
| Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>
February 19, 2013

SARIS, CHIEF, U.S.D.J.

On July 30, 2012 , plaintiff Jose A. Almeida ("Almeida")
filed a civil rights complaint alleging, *inter alia*, that
perjured testimony was used against him and that he was
maliciously prosecuted for armed robbery.  On August 13, 2012,
this Court issued a Memorandum and Order (Docket No. 6) directing
Almeida to demonstrate good cause why this action should not be
dismissed because of various legal impediments.

Thereafter, on October 15, 2012, Almeida filed a Response
(Docket No. 10) claiming his Amended Complaint (Docket No. 11,
filed October 18, 2012) cured the deficiencies in his original.
Upon review of that pleading, this Court deemed that Almeida had
abandoned his claims against all defendants, but had asserted new
claims against Police Officer John Rose ("Officer Rose").
Accordingly, on October 25, 2012, a further Memorandum and Order
(Docket No. 14) issued dismissing all of Almeida's claims against
all defendants except the claims against Officer Rose.

On January 2, 2013, Almeida filed a "Notice of Appeal and
Appeal to the United States District Courts Judgement or Order"
(Docket No. 17).  The Appeal has been assigned as USCA No. 13-

1028 (1st Cir. 2013).   Accompanying the Notice of Appeal, Almeida filed a document entitled "Plaintiff's Clearified [sic] Amended Complaint" (Docket No. 18), naming 11 defendants.

On January 22, 2013, this Court issued a further Memorandum and Order (Docket No. 21) construing Almeida's Notice of Appeal and Clarified Amended Complaint as a Motion for Reconsideration and a Motion for Leave to File the Clarified Amended Complaint. As such, both motions were denied, and the Clarified Amended Complaint (Docket Nos. 17 and 18) were stricken.   The Court deemed the operative pleading was the Amended Complaint (Docket No. 11).   Additionally, this Court prohibited Almeida from asserting additional claims of retaliation and/or denial of access to the courts in this action, and directed Almeida to serve process on Officer Rose.   Finally, this Court prohibited Almeida from filing any further amended or clarified complaints without leave of court, and only <u>after</u> the defendant had filed a response to the Amended Complaint.

On January 28, 2013, Almeida filed a Letter (Docket No. 23) asking that this Court make a decision on his request for reconsideration and his Clarified Amended Complaint.   He attached a "Notice of Appeal and Appeal to United States District Courts Judgement [sic] or Order" (Docket No. 23-1), as well as a Clarified Amended Complaint (Docket No. 23-1 at 3).   These documents were duplicative of his earlier-filed pleadings.

On February 15, 2013, the United States Court of Appeals for the First Circuit issued a Mandate (Docket No. 25), dismissing Almeida's appeal upon a finding that the appeal had been

2

voluntarily dismissed.

   In light of the posture of this case, to the extent that
Almeida's Letter (Docket No. 23) again seeks reconsideration of
the October 25, 2012 Memorandum and Order (Docket No. 14) and/or
reconsideration of the further Memorandum and Order (Docket No.
21), his request is DENIED.  Almeida is PROHIBITED from seeking
further reconsideration in this Court until after Officer Rose
has been served and has filed a responsive pleading in this case.
Failure of Almeida to comply with this directive or to effect
timely service of process on Officer Rose will result in a
dismissal of this action.  To make it clear, this Court will not
permit Almeida to pursue his claims against any defendant other
than Officer Rose at this time.

   Finally, for the reasons previously set forth by this Court,
Almeida is PROHIBITED from filing any further Clarified Amended
Complaints absent leave of Court, upon a duly-filed motion with
good cause shown, and only after Officer Rose has filed a
responsive pleading.  Failure to comply with the directives
contained herein may result in the imposition of sanctions,
including dismissal of this action.


SO ORDERED.

                         /s/ Patti B. Saris
                         PATTI B. SARIS
                         CHIEF, UNITED STATES DISTRICT JUDGE